UNION NAVAL STORES CO. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit.   February 4, 1913.)

No. 2,415.

1. PUBLIC LANDS (§ 8*)—TRESPASS—UNPERFECTED HOMESTEAD ENTRY—TAKING TURPENTINE.

The boxing of trees on an unperfected homestead entry by a trespasser and the extracting of crude turpentine therefrom constitutes a willful trespass, especially where the trespasser was warned by the entryman of the condition of his title and the trespasser's probable liability to the government.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 8, 148; Dec. Dig. § 8.*

Rights acquired by homestead settlements and entries, see note to McCune v. Essig, 59 C. C. A. 434.]

2. TROVER AND CONVERSION (§ 48*)—DAMAGES—PUBLIC LANDS—UNPERFECTED HOMESTEAD ENTRY—TRESPASS—TAKING TURPENTINE—BONA FIDE PURCHASER.

Defendant contracted to purchase turpentine from R. by an agreement stipulating that R. was not to box trees on uncompleted homesteads. R. nevertheless took turpentine from trees on land which he was warned was held by homestead entrymen under an unperfected entry, and sold the same to defendant, who purchased in good faith. *Held*, that defendant was a purchaser from a willful trespasser, and was liable to the United States for the value of the turpentine and resin made from the homestead as at the time of its purchase from R.

[Ed. Note.—For other cases, see Trover and Conversion, Dec. Dig. § 48.*]

3. TROVER AND CONVERSION (§ 9*)—DEMAND—RESIN AND TURPENTINE TAKEN FROM PUBLIC LAND—SALE BY INNOCENT PURCHASER.

Where defendant innocently purchased resin and turpentine from a willful trespasser, who had obtained the same by boxing trees on an unperfected homestead entry, defendant's sale of the turpentine and resin, though no demand had been made on it by the United States, constituted a conversion.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 58–83; Dec. Dig. § 9.*]

4. ACCESSION (§ 1*)—MANUFACTURE OF ARTICLE—WRONGFULLY ACQUIRED.

    The doctrine of accession has no application to the liability of a purchaser of manufactured turpentine and resin from a willful trespasser, who had taken the crude turpentine from trees located on an unperfected homestead entry.

    [Ed. Note.—For other cases, see Accession, Cent. Dig. §§ 1–10; Dec. Dig. § 1.*]

5. CONFUSION OF GOODS (§ 7*)—WRONGFUL INTERMIXTURE—EFFECT.

    Where a trespasser willfully took turpentine and resin from trees on an unpatented homestead entry, and willfully mixed the same with turpentine and resin unlawfully taken from other lands, and sold the mass to defendant, the United States would be entitled to recover the value of all the turpentine and resin so sold, unless the part derived from the homestead entry was determinable with reasonable certainty.

    [Ed. Note.—For other cases, see Confusion of Goods, Cent. Dig. §§ 5–10; Dec. Dig. § 7.*]

6. TROVER AND CONVERSION (§ 53*)—DAMAGES—INTEREST—DEMAND.

    Where defendant purchased resin and turpentine from a willful trespasser, who had taken a part thereof from an unpatented homestead entry, but no demand was made on defendant to account to the United States therefor until suit was brought for conversion, the United States was not entitled to interest, except from the time of suit brought.

    [Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. § 254; Dec. Dig. § 53.*]

In Error to the District Court of the United States for the Southern District of Alabama; Harry T. Toulmin, Judge.

Action by the United States against the Union Naval Stores Company. Judgment for plaintiff, and defendant brings error. Modified and affirmed.

Harry T. Smith, of Mobile, Ala. (R. W. Stoutz, of Muskogee, Okl., on the brief), for plaintiff in error.

William H. Armbrecht, Sp. Asst. Atty. Gen., of Mobile, Ala., for the United States.

Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This was an action by the defendant in error, the United States, against the plaintiff in error, defendant in the court below, for damages for the conversion of certain turpentine and resin, taken in crude form from pine trees on the homestead entry of Lewis Freeland by H. M. Rayford, and by him manufactured and sold to the plaintiff in error. There was a judgment in the court below for the market value of turpentine and resin at the time of its sale and delivery to the plaintiff in error, with interest from the date of purchase to the time of trial. There are 50 assignments of error. Upon examination we find none of sufficient merit to justify a reversal of the judgment.

[1] The jury found, and we think were authorized to find from evidence contained in the record, that Rayford was a willful trespasser, having boxed the pine trees from which the turpentine was taken with knowledge that Freeland, the homesteader, had not com-

pleted his entry at the time the trees were boxed. Rayford's contract with the plaintiff in error contained a stipulation that he was not to box trees on uncompleted homesteads, and Freeland, the entryman, at the time Rayford attempted to acquire from him the right to box trees, warned him of the condition of his title and his probable liability to the government for so doing. In the case of Parish et al. v. U. S., 184 Fed. 590, 106 C. C. A. 570, we held that:

"The boxing of trees by a settler on public land covered by an unperfected homestead entry and the extracting of crude turpentine therefrom constitutes in law a willful trespass, although the settler may have acted in good faith and without knowledge of the illegality of the act."

We adhered to this principle in the case of McKenzie v. U. S., 184 Fed. 988, 106 C. C. A. 666, and see no reason to depart from it now.

[2] The plaintiff in error was, therefore, a purchaser from a willful trespasser, and, conceding its good faith, was liable for the value of the turpentine and resin at the time of its purchase from Rayford. In Bolles Woodenware Co. v. U. S., 106 U. S. 432, 1 Sup. Ct. 398, 27 L. Ed. 230, the measure of damages as to an innocent purchaser from a willful trespasser is thus stated:

"Where he is a purchaser without notice of wrong from a willful trespasser, the value at the time of such purchase."

In the case of U. S. v. Perkins (C. C.) 44 Fed. 670, we stated the rule as follows:

"In an action by the United States for the value of timber bought by defendant from a trespasser, who had knowingly cut it from public land, the measure of damage is the value of the timber at the time of the purchase."

[3] Conversion of the resin and turpentine by an innocent purchaser, if it is not made out, even in the absence of demand, by the taking and retaining possession from one whose possession was in itself wrongful (see Stubbee v. Trustees Cincinnati Railway Co., 78 Ky. 481, 39 Am. Rep. 251), would be supported by a sale of it before the beginning of the suit, even though no demand had been made on him by the owner (38 Cyc. 2026, 2032–2036). The record contains evidence which justified the submission to the jury of the question as to whether the plaintiff in error had sold the resin and turpentine before the government's suit was instituted.

[4, 5] The doctrine of accession has no just application to the facts in this case. The record shows that evidence was submitted to the jury from which they could have determined with reasonable certainty the amount of turpentine and resin that came from the Freeland entry, as distinguished from the mass delivered by Rayford to plaintiff in error. If it were indeterminable, the result contended for by plaintiff in error would not have followed. The confusion was the act of Rayford, who was a willful wrongdoer, and the result of confusion in such a case, if separation were impossible, would be that the title to the whole mass which Rayford delivered to the plaintiff in error would have been vested in the government. The plaintiff in error, in being charged only with what the jury found to have been taken from the Freeland entry, has no cause of complaint.

[6] Interest was assessed, as part of the damages, from the time of the purchase by plaintiff in error till the time of the trial. No demand is shown to have been made by the government upon the plaintiff in error prior to the bringing of the suit. The plaintiff in error was an innocent purchaser, though from a willful trespasser. Under the circumstances, we think interest should only begin to run from the date of demand, which in this case was the commencement of the government's suit. In the case of U. S. v. Perkins et al. (C. C.) 44 Fed. 670–676, we held in a similar case that interest should be computed only from the date of judicial demand.

We direct that a remittitur be entered upon the judgment in the amount of that part of the interest included in it, computed from the time of the purchase of the turpentine and resin by the plaintiff in error up to the date of the filing of the suit, and that the judgment be thereupon affirmed, with costs.